UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EARNEST GRIFFIN,

         Petitioner,         Case No. 1:19-cv-906

v.                                     Honorable Robert J. Jonker

KIM SHAFER,

         Respondent.
_____/

## **OPINION**

       This is a habeas corpus action brought by a person on bond awaiting trial under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* Rule 1(b), Rules Governing § 2254 cases (permitting application of the Rules Governing § 2254 Cases to § 2241 petitions). If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice on grounds of abstention.

**Discussion**

## I. Factual allegations

Petitioner Earnest Griffin presently is on bond issued by the 61st and 63rd District Courts of Michigan,[1] pending disposition of a number of driving offenses: operating a motor vehicle while intoxicated and four incidents of driving a motor vehicle with a revoked or suspended license.[2]

Petitioner filed his habeas corpus petition on or about October 28, 2019. The petition raises 2 grounds for relief, as follows:

> I. Article 3 of the Constitution, Peace and Friendship treaty 1787, rights of indigenous people, the right of soil[.] Lower Court has no Jurisdiction or Authority to compel.
>
> II. [H]aven't had a[n] appeal. [S]tated facts to lower court[.]

(Pet., ECF No. 1, PageID.6-7.)

## II. Abstention

Petitioner, who claims to be an "Indigenous Moorish American National of the Continental unite[d] states of America" (Pet., ECF No. 1, PageID.7), challenges his continued prosecution in the Michigan district courts, contending that the state courts lack jurisdiction over him for a variety of reasons. This Court will abstain from addressing Plaintiff's claims under the principles enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to

---

[1] Rule 2(e) of the Rules Governing § 2254 Cases provides that a petitioner who seeks relief from the judgments of more than one court must file separate petitions. Petitioner does not seek relief from any judgment, but does seek relief from prosecution in more than one court. In light of the Court's conclusion that it must abstain from exercising jurisdiction in this action, the Court need not address the multiple-courts issue.

[2] Petitioner provides only the case numbers of the incidents in which he has been charged. The nature of the charged offenses is taken from Petitioner's related civil rights action. *See Griffin-El v. Shaffer*, No. 1:19-cv-855 (W.D. Mich.) (Compl., ECF No. 1, PageID.3-5.)

enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44; *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, there is no dispute that there was an ongoing state judicial proceeding when Plaintiff filed his complaint. Second, state criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Nothing prevents Plaintiff from presenting legitimate federal constitutional claims in the pending state court proceedings. "'Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims.'" *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). If Petitioner raises federal constitutional claims in the trial court, and that court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

Abstention is therefore appropriate in the absence of one of three exceptions to the Younger abstention doctrine in which: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

Here, while Petitioner arguably suggests that he is being prosecuted in bad faith due to the courts' lack of jurisdiction over his conduct, his allegations fail to meet the narrow exception identified in *Huffman*, 420 U.S. at 611. In addition, the statutes under which Petitioner is being prosecuted are not violative of any constitutional provision, much less flagrantly and patently so. Indeed, Moorish-American-sovereign-citizen claims such as those presented by Petitioner repeatedly have been found to be frivolous. *See, e.g., Jackson-El v. State & Fed. Plaintiffs in Gen.*, No. 1:11-cv-278, 2011 WL 1584606, at *1-2 (W.D. Mich. Apr. 26, 2011) (citing *United States v. Burris,* 231 F. App'x 281, 281 (4th Cir. 2007) (rejecting as frivolous defendant's notion that courts lack jurisdiction to prosecute him because of his status as a Moorish American national); *United States v. Toader,* Nos. 09–3787 & 09–4100, 2010 WL 4780362, at *3 (7th Cir. Nov. 24, 2010) (per curiam) ("Borlea argues that the federal courts lack subject matter jurisdiction over him because he is a Native Asiatic Moorish National Citizen. This argument is frivolous.")); *see also Bey v. City of Delaware*, No. 2:19-cv-3582, 2019 WL 3936711, at *2 (S.D. Ohio Aug. 20, 2019) (holding that claims that Moorish Americans are immune from prosecution are irrational and frivolous) (citing cases); *Ward-El v. Barrett*, No. 12-14282, 2012 WL 5929928, at *4 ( E.D.

Mich. Nov. 27, 2012) (holding that Moorish American National's claim that the state court lacked jurisdiction to adjudicate his trial was meritless) (citing additional cases). Under these circumstances, Petitioner also cannot demonstrate an extraordinarily pressing need for immediate federal equitable relief.

Thus, the *Younger* abstention doctrine applies here. *Cf. Michel v. City of Akron*, 278 F. App'x 477, 479 (6th Cir. 2008) (affirming application of *Younger* abstention to claim that defendants violated the plaintiff's Fourth Amendment rights when searching his property). Consequently, his petition will be dismissed without prejudice. So long as Plaintiff's criminal proceedings remain pending in state court, the Court will not review his § 2241 petition.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court

may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   December 31, 2019          /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE